# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MUSCOGEE (CREEK) NATION,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 25-cv-00075-GKF-JFJ |
| | ) |
| **TULSA COUNTY, OKLAHOMA,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MOTION TO DISMISS AND BRIEF IN SUPPORT
## OF DEFENDANT TULSA COUNTY, OKLAHOMA

Defendant Tulsa County, Oklahoma moves the Court to enter an order dismissing Plaintiff Muscogee (Creek) Nation's ("Nation") Complaint [Doc. 2] against Tulsa County for failure to state a claim upon which relief can be granted against the movant. FED. R. CIV. P. 12(b)(6). Pursuant to LCvR7-1(b), Tulsa County, Oklahoma provides the following brief in support.

### BRIEF IN SUPPORT OF MOTION TO DISMISS

**I.    INTRODUCTION.**

"Tulsa County, Oklahoma" is not a recognized suable entity under Oklahoma law. This is the first of multiple fatal flaws in the Nation's complaint that should result in early dismissal of movant. Furthermore, to the extent Plaintiff alleges the county is responsible for the actions of Defendant Kunzweiler and/or Defendant Regalado, both sued here in their official capacities only, it is redundant. A suit against these office holders in their official capacity is a suit against the county.

To the extent Plaintiff alleges the county itself is separately responsible for following established law in the exercise of discretionary prosecutorial decisions made on behalf of the state, or in the administrative in-processing of detainees at the county jail, Plaintiff demonstrates a

fundamentally flawed misapprehension of the separate duties and responsibilities of state and local governmental entities and office-holders. The county—separate from Defendant Kunzweiler—does not have any authority and can play no role in decisions to charge and prosecute any person on behalf of the State of Oklahoma. And the county—separate from Sheriff Regalado—does not have the charge and custody of the county jail.

In addition, the Nation does not have standing to bring this lawsuit; under the *Younger* abstention doctrine—based upon principles of federalism and comity—the federal district court should refuse to interfere with ongoing state criminal prosecutions; and application of the *Colorado River* abstention doctrine should result in dismissal of Plaintiff's lawsuit.

## II.    MOTION TO DISMISS STANDARD.

Federal Rule of Civil Procedure 12(B)(6) permits a court to dismiss a claim that "fail[s] to state a claim upon which relief can be granted." "To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

The court should accept as true all factual allegations and view them in the light most favorable to the non-movant, but this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. Generally, a court may not properly consider matters outside the pleadings when adjudicating a motion to dismiss. FED R. CIV. P. 12(b). However, "if a plaintiff does not incorporate by reference

or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997). "Mere legal conclusions and factual allegations that contradict such a properly considered document are not well-pleaded facts that the court must accept as true." *Id.* (citing *Jackson v. Alexander*, 465 F.2d 1389, 1390 (10th Cir. 1972); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1327 & n. 13 (2d ed. 1990)).

## ARGUMENT AND AUTHORITIES

### PROPOSITION ONE
### "TULSA COUNTY, OKLAHOMA" IS AN IMPROPER PARTY

Plaintiff failed to properly name the county governmental entity as a defendant in this lawsuit and, as such, has failed to state a claim against upon which Plaintiff can recover against "Tulsa County, Oklahoma."

Oklahoma statutory law is clear regarding a lawsuit filed against the county or a county officeholder acting in their official capacities:

> In all suits or proceedings by or against a county, the name in which a county shall sue or be sued shall be, "Board of County Commissioners of the County of _____,". . . . Suit may be brought against a county by naming a county officer identified in Section 161 of this title when it is alleged that such officer in his or her official capacity is directly or vicariously liable to plaintiff in an action not arising out of contract. Otherwise, suit may be brought against a county by naming the Board of County Commissioners of the County of _____; in actions against the Board not arising out of contract, upon motion, the Court may substitute a county officer identified in Section 161 of this title in his or her official capacity for the Board upon a showing that such county officer is better suited to represent and defend the county under the particular facts of the case.

OKLA. STAT. tit. 19, § 4. To the extent Plaintiff is attempting to sue the Board of County

Commissioners of the County of Tulsa for the acts of Defendant Kunzweiler and Defendant Regalado, both sued in their official capacities, the lawsuit should only be brought in the name of those officeholders in their official capacities. *Id.*; *Kentucky v. Graham*, 473 U.S. 159, 165-166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (lawsuits against employees in an official capacity "represent only another way of pleading an action against an entity of which an officer is an agent"); *Martinez v. Beggs*, 563 F.3d 1082, 1091 (10th Cir. 2009) (bringing "a claim against [a sheriff] in his official capacity ... is the same as bringing a suit against the county.").

In the body of the Complaint, Plaintiff collectively defines "Tulsa County" as "Tulsa County, its District Attorney, and its Sheriff." Complaint [Doc. 2, p. 3, ¶ 5]. Using that collective descriptor, Plaintiff alleges "the County has announced its intention to continue prosecuting Indians" and the County's prosecution of Indians for conduct occurring within the Creek Reservation constitutes an ongoing violation of federal law." *Id.* at ¶¶ 6-7. Plaintiff also alleges, "The County's policy, as stated and enforced by the District Attorney and the Sheriff, of pursuing prosecutions against Indians is causing irreparable harm," and "The District Attorney's and Sheriff's stated policies to pursue such prosecutions demonstrate that, absent judicial intervention, the County will persist with this unlawful conduct." *Id.* at p. 6, ¶¶ 15-16. What Plaintiff fails to allege is any specific improper conduct or action separate and apart from its allegations against Defendant Kunzweiler, acting in his official capacity as District Attorney, and Defendant Regalado, acting in his official capacity as Sheriff of Tulsa County; two elected officials with separate and distinct offices and responsibilities.

The Board of County Commissioners of the County of Tulsa plays no role in the prosecution of any person. In Oklahoma, it is the district attorney in a county in his or her district who "is responsible for prosecuting, investigating, and representing the State of Oklahoma in all

4

criminal matters." *State v. Hooley*, 2012 OK CR 3, ¶ 20, 269 P.3d 949, 955.[1] The district attorney has broad discretion to decide whether to file charges and what charges to file. *See Childress v. State*, 2000 OK CR 10, ¶ 18, 1 P.3d 1006, 1011 ("[t]he decision regarding which criminal charge to bring lies within the wide parameters of prosecutorial discretion."). *See also Wolfenbarger v. State*, 1985 OK CR 143, ¶ 5, 710 P.2d 114, 115 ("the prosecutor has sole authority to decide under which statute to file charges"); and *Carpenter v. State*, 1996 OK CR 56, P23, 929 P.2d 988, 995 ("[T]he decision whether to prosecute and what charge to file is within the discretion of the prosecutor."). Furthermore, "under Oklahoma law, a district attorney is an arm of the state" and *not* the county. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1153-54 (10th Cir. 2001); *see also* OKLA. STAT. tit. 19, § 215.30(B) (providing that "All appointees and employees of district attorneys, . . . shall be deemed to be state officers or employees for all purposes."). The decision by District Attorney Kunzweiler to follow Oklahoma law by charging and prosecuting non-Members for alleged violations of general crimes is within his sole discretion as a state officer. As a matter of law, the county—the Board of County Commissioners of the County of Tulsa County—has no role or say in matters of law enforcement. *See* Okla. Opin. Atty. Gen. No. 79-98, at 145 (May 15, 1979) ("the District Attorney and the Sheriff are the only two [county] offices which involve any law enforcement duties").

      Sheriff Regalado is the final policy maker for the Tulsa County Sheriff's Office and county jail. Under Oklahoma law, the sheriff "shall have the charge and custody of the jail of his county, and all the prisoners in the same, and shall keep such jail himself, or by his deputy or jailer." OKLA.

---

[1] The Oklahoma legislature abolished the position of county prosecutor in 1967. Today, there is one district attorney within each of 27 districts for Oklahoma's 77 counties. Most district attorneys serve as the state's chief prosecutor for multiple counties within their respective districts, with the only exception being the 7th (Oklahoma), 14th (Tulsa), and 15th (Muskogee) districts, which—because of population—contain only one county. OKLA. STAT. tit. 19, § 131.

STAT. tit. 19, § 513. *See also* OKLA. STAT. tit. 57, § 47 ("The sheriff, or such person designated by law in his place, shall have charge of the county jail of his county and of all persons by law confined therein."). Further illustrative of the distinction between the defendants, a board of county commissioners has no statutory duty to hire, train, supervise or discipline the county sheriffs or their deputies. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). *See also* Okla. Opin. Atty. Gen. No. 79-98, at 145 (May 15, 1979) ("the District Attorney and the Sheriff are the only two [county] offices which involve any law enforcement duties"); Okla. Opin. Atty. Gen. No. 76-338, at 410 (Nov. 16, 1976) (Board of County Commissioners lacks authority to designate the number of deputies that the sheriff may appoint).

Without any law enforcement role or responsibility; without the ability to direct or determine who is prosecuted and with what crime; without any control over the activities of the Tulsa County Sheriff's Office and jail; and without any alleged independent act of its own, "Tulsa County, Oklahoma" is not a proper party and should be dismissed.

## PROPOSITION TWO
## PLAINTIFF CANNOT PREVAIL UNDER EXISTING LAW

Defendant incorporates by reference the argument and authority in Proposition One of Defendant Regalado's Motion to Dismiss and Brief in Support.

## PROPOSITION THREE
## PLAINTIFF LACKS STANDING

Defendant incorporates by reference the argument and authority in Proposition Two of Defendant Regalado's Motion to Dismiss and Brief in Support.

## PROPOSITION FOUR
## THE COURT SHOULD DISMISS UNDER THE *YOUNGER* ABSTENTION DOCTRINE

Defendant incorporates by reference the argument and authority in Proposition Three of Defendant Regalado's Motion to Dismiss and Brief in Support.

**PROPOSITION FIVE**
**THE *COLORADO RIVER* ABSTENTION DEMANDS DISMISSAL**

Defendant incorporates by reference the argument and authority in Proposition Five of Defendant Regalado's Motion to Dismiss and Brief in Support.

**CONCLUSION**

"Tulsa County, Oklahoma" is not a recognized suable entity under Oklahoma law. This is the first of multiple fatal flaws in the Nation's complaint that should result in early dismissal of movant. To the extent Plaintiff alleges the county is responsible for the actions of Defendant Kunzweiler and/or Defendant Regalado, both sued here in their official capacities, it is redundant. A suit against these office holders in their official capacity is a suit against the county. It is also an indisputable conclusion of law that the county entity—which Plaintiff failed to sue—has no role in setting policy for either the District Attorney or Sheriff's respective offices, and has no law enforcement role or ability, whatsoever. "Tulsa County, Oklahoma"—regardless of being improperly named—simply has no business being a defendant in Plaintiff's lawsuit.

It is also certain that Plaintiff lacks standing to bring this action. There is no injury in fact to the Nation. State jurisdiction is concurrent and the Nation has not lost any ability to charge and prosecute its Members, Non-Members, or non-Indians for violating Creek law in the Nation's Reservation. The Nation is also free to separately prosecute the defendants in the State Prosecutions under its own laws if the alleged offenses occurred in the Nation's Reservation.

The *Younger* abstention doctrine should be followed here. Under this doctrine, federal courts should not interfere with state court proceedings by granting equitable relief - such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings when a state forum provides an adequate avenue for relief. Finally, the

*Colorado River* abstention doctrine further applies and should result in the dismissal of Plaintiff's Complaint.

For the myriad of legal reasons provided above, Tulsa County, Oklahoma simply does not belong as a party to this lawsuit. Plaintiff has failed to state a claim upon which relief can be granted by the Court against Tulsa County, Oklahoma. Dismissal is proper.

**Filed**: April 7, 2025                           HALL, ESTILL, HARDWICK, GABLE,
                                                                        GOLDEN & NELSON, P.C.

*s/ Keith A. Wilkes*
Keith A. Wilkes, OBA 16750
521 East Second Street, Suite 1200
Tulsa, Oklahoma 74120
T: 918.584.0400
F: 918.594.0505
kwilkes@hallestill.com

**ATTORNEYS FOR TULSA COUNTY, OKLAHOMA**

## CERTIFICATE OF SERVICE

      I hereby certify that on April 7, 2025, I electronically transmitted the foregoing Motion to Dismiss to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing and to the registered party participants of the ECF system.

                                                *s/ Keith A. Wilkes*
                                                Keith A. Wilkes