**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MUSCOGEE (CREEK) NATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No. 25-cv-00075-GKF-JFJ** |
| | ) | |
| **TULSA COUNTY, OKLAHOMA,** *et al.***,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT REGALADO and DEFENDANT TULSA COUNTY'S**
**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY**
**RESTARINING ORDER AND PRELIMINARY INJUNCTION**

Defendants Vic Regalado, in his official capacity as Sheriff of Tulsa County ("Sheriff Regalado"), and Tulsa County, Oklahoma, provide their response in opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 4], and request the Court to enter an order denying Plaintiff's motion. In support of their response in opposition, the movants provide as follows:

    **I.**    **INTRODUCTION**.

Plaintiff is not entitled to the extraordinary relief sought in its motion.

In reaction to the opinions of the Oklahoma Court of Criminal Appeals in *City of Tulsa v. O'Brien*,[1] and the United States Supreme Court in *Castro-Huerta*,[2] the Defendant argues the *dissents* in those opinions to improperly impose its will here. Plaintiff's attempted end-run around federal and state law should not be countenanced by this Court.

Plaintiff filed its lawsuit against Sheriff Regalado, Defendant Steve Kunzweiler, the lead state prosecutor in Oklahoma's Fourteenth District, and "Tulsa County, Oklahoma."[3] Plaintiff

---

[1] *City of Tulsa v. O'Brien*, 2024 OK CR 31.
[2] *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 142 S. Ct. 2486, 213 L. Ed. 2d 847 (2022).
[3] "Tulsa County, Oklahoma" is not the name by which the county government may be sued and is not a proper party. *See* Motion to Dismiss [Doc. 39].

seeks a declaratory judgment that Defendants lack "criminal jurisdiction over Indians for conduct occurring within the Creek Reservation," and claims Defendants' "continued assertion of that jurisdiction violates federal law." Complaint [Doc. 2, p. 10, ¶ A]. Plaintiff also seeks a temporary restraining and preliminary injunction prohibiting Defendants "from exercising criminal jurisdiction over Indians for conduct occurring within the Creek Reservation absent express authorization of Congress." [*Id*. at ¶¶ B, C].[4]

For Plaintiff to obtain the relief it seeks, however, this Court must ignore the teachings of the United States Supreme Court in *Castro-Huerta* on the proper test to determine jurisdictional questions in Indian country, and then interfere with ongoing state prosecutions by ordering—effectively—state district courts to ignore the binding authority of the state's highest appellate court for criminal matters. As *Castro-Huerta* reminded, the Court's "proper role under Article III of the Constitution is to declare what the law is," not what Plaintiff thinks the law should be. *Id*. at 655. Plaintiff's request for relief must be denied.

## II.    THERE IS NO ACTIVITY OF "TULSA COUNTY, OKLAHOMA" TO ENJOIN.

In its Motion for Temporary Restraining Order and Temporary Injunction [Doc. 4], the Nation collectively places all Defendants under the term "County" and claims the "County" is wrongfully asserting criminal jurisdiction to prosecute certain Indians within the Creek Reservation. *Id*. at p. 8. Using that collective descriptor, Plaintiff asks the Court to:

> B.  Enter a noticed temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b) prohibiting the County from exercising criminal jurisdiction over Indians for conduct occurring within the Creek Reservation absent express authorization from Congress.

Complaint [Doc. 2, p. 10, ¶ B]. Paragraph B of the prayer is the only restraint and injunctive relief

---

[4]"States do not need a permission slip from Congress to exercise their sovereign authority. In other words, the default is that States have criminal jurisdiction in Indian country unless that jurisdiction is *preempted*." *Castro-Huerta*, 597 U.S. at 653.

that includes Tulsa County, Oklahoma, and Sheriff Regalado.[5] The request, however, is improper as to both Tulsa County, Oklahoma, and Sheriff Regalado.

The Board of County Commissioners of the County of Tulsa—the county's governing body—has no role or say in law enforcement or the exercise of jurisdiction over or prosecution of any person. Indeed, as a creature of statute, the Board of County Commissioners possesses "only such authority as is granted by statute, and such authority must be exercised in the manner provided by law." *Tulsa Exposition & Fair Corp. v. Board of County Comm'rs of Tulsa County*, 1970 OK 67, ¶ 26, 468 P.2d 501, 507-08 It is the state legislature's power "to define the duties among the several county officers and to regulate county governmental affairs." *Id*. at ¶ 27. In this regard, it is the district attorney in a county in his or her district who "is responsible for prosecuting, investigating, and representing the State of Oklahoma in all criminal matters." *State v. Hooley*, 2012 OK CR 3, ¶ 20, 269 P.3d 949, 955.[6] The district attorney has broad discretion to decide whether to file charges and what charges to file. *See Childress v. State*, 2000 OK CR 10, ¶ 18, 1 P.3d 1006, 1011 ("[t]he decision regarding which criminal charge to bring lies within the wide parameters of prosecutorial discretion."). *See also Wolfenbarger v. State*, 1985 OK CR 143, ¶ 5, 710 P.2d 114, 115 ("the prosecutor has sole authority to decide under which statute to file charges"); and *Carpenter v. State*, 1996 OK CR 56, P23, 929 P.2d 988, 995 ("[T]he decision whether to prosecute and what charge to file is within the discretion of the prosecutor."). Furthermore, "under Oklahoma law, a district attorney is an arm of the state," *not* of the county. *Erikson v. Pawnee Cnty. Bd. of Cnty.*

---

[5]Paragraph C essentially requests the same relief but explicitly limits it to Defendant Kunzweiler. Complaint [Doc. 2, p. 10, ¶ C].

[6]The Oklahoma legislature abolished the position of county prosecutor in 1967. Today, there is one district attorney within each of 27 districts for Oklahoma's 77 counties. Most district attorneys serve as the state's chief prosecutor for multiple counties within their respective districts, with the only exception being the 7th (Oklahoma), 14th (Tulsa), and 15th (Muskogee) districts, which—because of population—contain only one county. OKLA. STAT. tit. 19, § 131.

*Comm'rs*, 263 F.3d 1151, 1153-54 (10th Cir. 2001); *see also* OKLA. STAT. tit. 19, § 215.30(B) (providing that "All appointees and employees of district attorneys, . . . shall be deemed to be state officers or employees for all purposes."). The decision by District Attorney Kunzweiler to follow Oklahoma law by charging and prosecuting non-Member Indians for the alleged violation of general crimes is within his sole discretion as a state officer. As a matter of law, the county—the Board of County Commissioners of the County of Tulsa—has no role or say in matters of law enforcement. *See also* Okla. Opin. Atty. Gen. No. 79-98, at 145 (May 15, 1979) ("the District Attorney and the Sheriff are the only two [county] offices which involve any law enforcement duties"). There is simply no activity of the county itself that can be restrained or enjoined here.

### III.    SHERIFF REGALADO DOES NOT ENGAGE IN ANY UNLAWFUL ACTIVITY TO BE RESTRAINED OR ENJOINED BY THE COURT.

Beyond identifying him in the Complaint, Plaintiff only references Sheriff Regalado twice:

> 28.  The Tulsa County Sheriff has additionally adopted a policy of booking and classifying inmates and asserting criminal jurisdiction over non-member Indians in light of *O'Brien*. In a memorandum that the Sheriff's Department provided to the Nation on January 24, 2025, the Sheriff stated that "tribal members will be charged by tribal courts only if they are a member of the tribe in which the criminal offense took place.... Any other tribal citizens will not be booked or charged into tribal courts but rather STATE court and booked into [the David L. Moss Criminal Justice Center] as any other citizen."
>
> 29.  The David L. Moss Criminal Justice Center is operated by the Sheriff.

Complaint [Doc. 2, pp. 8-9]. Neither paragraph involves exercising criminal jurisdiction over Indians by Sheriff Regalado. Rather, Paragraph 28 alleges—correctly—that post-*O'Brien*, the Tulsa County Sheriff's Office issued an internal memorandum on how to administratively in-process ("book") non-Member arrestees brought to the county jail by a municipality for the alleged violation of a state law, or brought to the jail by either the Nation or Cherokee Nation for the alleged violation of tribal law. It is not deciding criminal jurisdiction. Whether, where, or what

criminal charge, if any, is subsequently filed is up to the complete discretion of state or tribal prosectors, not Sheriff Regalado or the county jail. *See Carpenter v. State*, 1996 OK CR 56, ¶ 23, 929 P.2d 988, 995. *See also State ex rel. Stout v. Craytor*, 1996 OK CR 79, ¶ 12, 753 P.2d 1365, 1368 (noting that the District Attorney has the discretion to decide whether to prosecute and of what charge to bring in state court).

Indeed, Sheriff Regalado and the Tulsa County Sheriff's Office do not have the legal authority or ability to file any criminal charge against any person in any court for any crime. Sheriff Regalado does, however, "have the charge and custody of the jail of his county, and all the prisoners in the same, and shall keep such jail himself, or by his deputy or jailer." OKLA. STAT. tit. 19, § 513. *See also* OKLA. STAT. tit. 57, § 47 ("The sheriff, or such person designated by law in his place, shall have charge of the county jail of his county and of all persons by law confined therein."). The quoted memorandum in the Complaint, also attached as an exhibit to the Nation's declaration [Doc. 5], simply advises that at intake to the county jail, it should be noted in the electronic record whether the arrestee is being held on potential state or tribal charges. If charges are filed by either the State of Oklahoma, Cherokee Nation, or Plaintiff, then Sheriff Regalado follows the direction of the applicable court—state or tribal—with respect to further detention, transfer, or release. Like Defendant Tulsa County, Oklahoma, Sheriff Regalado is not involved in any exercise of discretion or decision-making process to charge or prosecute any person for any crime, regardless of their race, ethnicity, or membership in a tribe. There is no activity of Sheriff Regalado to restrain or enjoin.

## IV.    PLAINTIFF CANNOT MEET THE STANDARD TO OBTAIN ITS REQUESTED RELIEF.

Defendants Tulsa County, Oklahoma, and Sheriff Regalado adopt and incorporate by reference the response of Defendant Kunzweiler in opposition to Plaintiff's motion for temporary restraining order and preliminary injunction. [Doc. 41].

WHEREFORE, Defendants Tulsa County, Oklahoma and Vic Regalado, in his official capacity as Sheriff of Tulsa County, request the Court to enter an order denying Plaintiff's requested relief.

**Filed**: **April 8, 2025**                          HALL, ESTILL, HARDWICK, GABLE,
                                                        GOLDEN & NELSON, P.C.

                                                        *s/ Keith A. Wilkes*
                                                        Keith A. Wilkes, OBA 16750
                                                        521 East Second Street, Suite 1200
                                                        Tulsa, Oklahoma 74120
                                                        T: 918.584.0400
                                                        F: 918.594.0505
                                                        kwilkes@hallestill.com
                                                        **ATTORNEYS FOR TULSA COUNTY,
                                                        OKLAHOMA and SHERIFF REGALADO**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2025, I electronically transmitted the foregoing Response in Opposition to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing and to the registered party participants of the ECF system.

*s/ Keith A. Wilkes*
Keith A. Wilkes