IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MUSCOGEE (CREEK) NATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-CV-75-GKF-JFJ |
| | ) |
| STEVE KUNZWEILER, in his official Capacity as District Attorney for the Fourteenth Prosecutorial District of Oklahoma; and VIC REGALADO, in his Official capacity as Tulsa County Sheriff, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff, the Muscogee (Creek) Nation, seeks a Temporary Restraining Order preventing the defendants from exercising criminal jurisdiction over Indians within the Nation's Reservation who are not members of the Nation.[1]  The Nation contends immediate action is required because the defendants' exercise of criminal jurisdiction irreparably harms the Nation's sovereignty and self-government and unlawfully subjects non-member Indians within the Nation's Reservation to a criminal justice system other than the Nation's.[2]

"A temporary restraining order is an extraordinary remedy that is an exception rather than the rule, and courts do not grant it as a matter of right." *Heavy Petrol. Partners, LLC v. Atkins*, 2010 WL 11565423, at *2 (D. Kan. May 25, 2010).  A party seeking a temporary restraining order must show:

---

[1] When a temporary restraining order is sought on notice to the adverse party, it may be treated by the court as a motion for preliminary injunction.  13 *Moore's Federal Practice*, § 65.31. Though it would be permissible to do so here, the Court exercises its discretion to address the motion as one for a temporary restraining order.

[2] Pursuant to Local Civil Rule 65-1(c), plaintiff submitted a completed TRO Information Sheet on April 18, 2025.

> (1) that it is substantially likely to succeed on the merits; (2) that it will suffer irreparable injury if the court denies the requested relief; (3) that its threatened injury without the restraining order outweighs the opposing party's injury under the restraining order; and (4) that the requested relief is not adverse to the public interest.

*Steede v. Levy*, 2025 WL 1029422, at *3 (D. Kan. April 7, 2025); *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1232 (10th Cir. 2019). When the failure to satisfy one factor is dispositive, a court need not consider the other factors. *Colorado v. U.S. Env't Prot. Agency*, 989 F.3d 874, 883 (10th Cir. 2021).

<u>Irreparable Harm</u>

Among the four factors listed above, "a showing of probable irreparable harm is the single most important prerequisite." *Dominion Video Sat., Inc. v. Echostar Sat. Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). "[T]he moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.* (quoting *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990) (internal quotations omitted).

To constitute irreparable harm, an injury must be certain, great, actual, "and not theoretical." *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1243 (10th Cir. 2001). Irreparable harm is not harm that is "merely serious or substantial." *Id.* at 1250 (quoting *A.O. Smith Corp. v. FTC*, 530 F.2d 515, 525 (3d Cir. 1976). "[T]he party seeking injunctive relief must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985). (emphasis in original) (brackets, citations, and internal quotation marks omitted).

An intrusion on tribal sovereignty by enforcing state law on Indian land *can* constitute irreparable injury. *Kiowa Indian Tribe of Oklahoma v. Hoover*, 150 F.3d 1163, 1171-72 (10th Cir.

1998). But the Nation relies on case authority in which the injuries were – unlike the injury demonstrated thus far in this case – certain, great, actual, and not theoretical.

In *Prairie Band*, the State of Kansas was enforcing state motor vehicle registration and titling laws with respect to vehicles registered and titled by the tribe to tribal members. The circuit panel held that the district court had not abused its discretion in determining that, without the preliminary injunction, the tribe would suffer irreparable harm. The panel agreed that the injury to the tribe was "certain and great" and more than "merely serious or substantial." Enforcement of the state's motor vehicle laws interfered with tribal self-government once the tribe enacted its own motor vehicle code. The purpose of the tribal code was "to implement reasonable rules, regulations, and penalties essential to maintaining a safe transportation system" on the Reservation, something the tribe needed to do as a result of a significant increase in motor vehicles entering the Reservation to engage in gaming. *Prairie Band*, 253 F.3d at 1237.

In *Ute Indian Tribe of the Uintah and Ouray Reservation v. Utah*, 790 F.3d 100 (10th Cir. 2015), a Utah county prosecuted a Ute tribal member for alleged traffic offenses on tribal lands. Insofar as the state was prosecuting a tribal member for alleged offenses on tribal lands, the circuit panel concluded there was "just no room for debate" that the defendants' conduct constituted irreparable injury.

And in *Fisher v. Dist. Court of Sixteenth Jud. Dist.*, 424 U.S. 382 (1976), the Supreme Court held that a proceeding for adoption, by tribal members, of a son of tribal members, where all parties were residents of the Northern Cheyenne Indian Reservation and where no substantial part of conduct supporting the adoption petition took place off the reservation, was litigation arising on the reservation, and the tribal court had jurisdiction to the exclusion of Montana courts. The Court noted that state-court jurisdiction would plainly interfere with the powers of self-

government conferred upon the Northern Cheyenne Tribe and exercised though the Tribal Court and would create a substantial risk of conflicting adjudications affecting the custody of the child.

Here, in contrast to *Prairie Band, Ute*, and *Fisher*, the Nation has not yet identified certain, great, actual, and non-theoretical harm. It does not contend that defendants have denied the Nation of its jurisdiction to enforce its own criminal and traffic laws against non-member Indians. The defendants are not attempting to prosecute members of the Nation. And the Nation has not yet explained how state-court jurisdiction over non-member Indians plainly interferes with its powers of tribal self-government.

Balancing of the Equities and the Public Interest

The third and fourth factors—whether the threatened injury to the movant outweighs the injury to the party opposing the TRO and whether the TRO would not be adverse to the public interest—merge when the government is the party opposing the preliminary injunction. *Black Emergency Response Team v. Drummond*, 737 F. Supp. 3d 1136, 1157 (W.D. Okla. 2024) (citing *Aposhian v. Barr*, 958 F.3d 969, 978 (10th Cir. 2020)).

Both the Nation and the defendants have the duty to protect their residents, enforce their laws, and uphold justice within their territorial boundaries. While the Nation has the power to prosecute non-member Indians, *see* 25 U.S.C. § 1301(2) and *United States v. Lara*, 541 U.S. 193 (2004), it has not yet demonstrated that the harm to its interests pending resolution of the motion for preliminary injunction outweighs the injury to the defendants' interests in enforcing laws with respect to non-member Indians. In addition, the Nation has not persuaded this court that the requested order temporarily enjoining the defendants from exercising criminal jurisdiction over non-member Indians is not adverse to the public interest.

WHEREFORE, the plaintiff's Motion for Temporary Restraining Order [Doc. 45] is denied.

This matter is set for a scheduling conference on Monday, April 28, 2025 at 2:00 p.m. for the purpose of discussing whether the Court ought to rule on the defendants' Motions to Dismiss prior to addressing the plaintiff's Motion for Preliminary Injunction.

IT IS SO ORDERED this 23rd day of April, 2025.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE