# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MUSCOGEE (CREEK) NATION, a federally recognized Indian tribe,<br><br>*Plaintiff*,<br><br>v.<br><br>STEVE KUNZWEILER, in his official capacity as District Attorney for the Fourteenth Prosecutorial District of Oklahoma; and<br>VIC REGALADO, in his official capacity as Tulsa County Sheriff,<br><br>*Defendants*. | Case No. 25-cv-75-GKF-JFJ |

**MUSCOGEE (CREEK) NATION'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS**

Defendants move to stay this action "pending resolution of the Petition for Writ of Certiorari filed with the United States Supreme Court on July 7, 2025, in *Stitt v. City of Tulsa*, No. ___ (U.S.)." Def.'s Mot. to Stay Proceedings 1 (Dkt. 71). They contend that a stay will serve judicial economy and that this Court "has inherent authority to control its docket and to stay proceedings 'with economy of time and effort for itself, for counsel, and for litigants.'" *Id.* at 2 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

The motion should be denied. There is no dispute that courts have discretion to stay a case when purposes of judicial economy may be served. But "[d]iscretion is not whim[.]" *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005). It is instead subject to "legal standards" that limit its permissible scope. *Id.* As demonstrated below, the Supreme Court and the Tenth Circuit have set forth clear standards to guide and delimit courts' discretion to stay a case to promote judicial economy. Defendants nowhere even acknowledge those standards, much less claim to have met them.

**I.    Legal Standard**

"The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). *See also D.B.U. v. Trump*, No. 25-1164, 2025 WL 1233583, at *1 (10th Cir. Apr. 29, 2025) (same). That burden is stringent. *See Landis*, 299 U.S. at 256 (the "burden of making out the justice and wisdom of [a stay] lay heavily" on the movant). Where a movant seeks to stay a case because a similar issue is pending in another court, the movant may not rely on the mere prospect of judicial economy alone but instead

> *must* make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. *Only in rare circumstances* will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

1

*Id*. at 255 (emphasis added). *See also Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (partially quoting same); *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting same and stating that "[t]he underlying principle clearly is that the right to proceed in court should not be denied except under the most extreme circumstances." (quotation marks and brackets omitted)).

The Tenth Circuit has set forth the necessary factors for courts to consider in determining whether a movant has succeeded in making the requisite showing: (1) whether the movant's position is "likely to prevail in the related proceeding"; (2) whether "defendants will suffer irreparable harm" absent the stay; (3) harm to the other parties if the stay issues; and (4) the public interests at stake. *United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). *Accord Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (listing substantially the same factors as the "traditional" standard for stays and stating that "[t]he first two factors … are the most critical.").

**II.     Defendants Fail Entirely to Address the Factors Required for Issuance of a Stay.**

While Defendants cite both *Landis* and *United Steelworkers, see* Dkt. 71 at 2, they nowhere acknowledge those decisions' explicit instructions regarding the "rare circumstances," *Landis*, 299 U.S. at 255, under which a court's stay authority may be exercised. They simply make no argument that the factors laid out by the Supreme Court and the Tenth Circuit in decisions including *United Steelworkers, Nken,* and *Landis* have been satisfied here.

Defendants' failure to address their burden, much less to carry it, calls for denial of their motion. *See, e.g., Dayan-Varnum v. Dayan*, No. 23-CV-00052-SEH-MTS, 2025 WL 863390, at *13 (N.D. Okla. Mar. 19, 2025) (while party invoked potential waste of court and party "time and resources" absent a stay, "Kathryn does not adequately address the irreparable harm she will

suffer if this case is not stayed, whether any other party to this proceeding will suffer substantial harm, or the public interests at stake. Therefore, Kathryn's motion to stay is denied." (applying *Landis*, *Nken*, and *United Steelworkers*)); *Carr v. Oklahoma Student Loan Auth.*, No. CIV-23-99-R, 2023 WL 6193015, at *3 (W.D. Okla. June 16, 2023) ("Nelnet does not address whether it is likely to prevail in the Consolidated Action" and "does not set forth whether it will suffer irreparable harm absent a stay," so "the Court concludes that Nelnet has not set forth its own clear case of the hardship or inequity it faces should this case proceed. Nelnet's motion for stay … is therefore denied." (applying *Landis* and *United Steelworkers*)). Indeed, *Landis* vacated and remanded the district court's issuance of a stay where the court had considered judicial economy but did not consider the requisite factors set forth by the Court. 299 U.S. at 253–55, 259.

Nor can Defendants salvage their failure to address the requisite criteria for a stay on reply. *See Goode v. Nuance Commc'ns, Inc.*, No. 17-CV-00472-GKF-JFJ, 2020 WL 4606848, at *7 n.7 (N.D. Okla. May 7, 2020) (Frizzell, J.) ("The court does not consider arguments raised for the first time in reply.").[1]

---

[1] Defendants also contend that "the United States, with the Nation's consent, has sought and obtained stays in companion litigation[.]" Dkt. 71 at 2. But the United States did not seek a stay in those cases on the basis that the issues presented there are pending in other tribunals. It did so to explore the possibility of settlement, and to that end sought only a tightly circumscribed 90-day stay. *See* United States' Motion for Stay of Proceedings at 1–2, *United States v. Ballard*, No. 4:24-cv-00626-CVE-SH (E.D. Okla. June 13, 2025); United States' Motion for Stay of Proceedings, at 1–2, *United States v. Iski*, No. 4:24-cv-00493-CVE (E.D. Okla. June 13, 2025). Also, the Defendant District Attorneys did not oppose the motion, *see* Defendant Matthew J. Ballard's Response to United States' Motion for Stay of Proceedings, at 1, *Ballard*, No. 4:24-cv-00626-CVE-SH (E.D. Okla. June 23, 2025); Defendant Carole Iski's Response to United States' Motion for Stay of Proceedings, at 1, *Iski*, No. 4:24-cv-00493-CVE (E.D. Okla. June 23, 2025), but instead stated their willingness "to participate in settlement discussions in good faith," Defendant Matthew J. Ballard's Response to United States' Motion for Stay of Proceedings, at 2, *Ballard*, No. 4:24-cv-00626-CVE-SH (E.D. Okla. June 23, 2025); Defendant Carole Iski's Response to United States' Motion for Stay of Proceedings, at 2, *Iski*, No. 4:24-cv-00493-CVE (E.D. Okla. June 23, 2025). Those stay motions, then, arose in a fundamentally different context. Moreover, in granting the stays, the district court expressly noted the limitations imposed by

3

### III. Defendants' Motion Fails on its Own Terms.

Even were the Court to consider Defendants' motion without regard to the controlling test set forth in *Landis* and *United Steelworkers*, Defendants' motion fails on its own terms.

Defendants' judicial economy arguments are grounded in remote speculation. In contrast to cases cited by Defendants, *see Thompson v. Averill*, No. 24-CV-0322-CVE-MTS, 2025 WL 472367 (N.D. Okla. Feb. 12, 2025), and *United States v. Myers*, 12-CR-0196-02-CVE, 2016 WL 4479489 (N.D. Okla. Aug. 24, 2016), *see* Dkt. 71 at 2, where the issues presented to the staying court were clearly teed up for resolution by another tribunal, there exists only the slightest of possibilities that the Indian country jurisdiction issue will be resolved by the Supreme Court in the *Stitt* matter.

Defendants make no attempt to argue that the Supreme Court is likely to issue a writ of certiorari in the *Stitt* case, and every reason exists to think that it will not. On June 25, 2025, the Nation and the City of Tulsa executed a Joint Settlement Agreement, *see* Joint Settlement Agreement Between Plaintiff Muscogee (Creek) Nation and Defendants City of Tulsa Et Al., *Muscogee (Creek) Nation v. City of Tulsa*, No. 4:23-cv-00490-JDR-CDL (N.D. Okla. June 25, 2025) (Dkt. 149-1), pursuant to which the City has "agree[d] that it will not exercise Criminal Jurisdiction over Indian Defendants on the Nation's Reservation." *Id.* ¶ 8. The City has further agreed that, as of the effective date of the Agreement, "the City will dismiss with prejudice all pending prosecutions in the City's court system … against all known Indian defendants for

---

*Landis* on courts' authority to grant stays for judicial economy purposes. *See* Order Granting Stay and Administrative Closing, at 2, *Ballard*, No. 4:24-cv-00626-CVE-SH (E.D. Okla. June 25, 2025); Order Granting Stay and Administrative Closing, at 2, *Iski*, No. 4:24-cv-00493-CVE (E.D. Okla. June 25, 2025).

4

conduct occurring on the Nation's Reservation," *id.* ¶ 10, "the City will not initiate prosecutions in the Municipal Court or the Courts of the State of Oklahoma against known Indian defendants for conduct occurring on the Nation's Reservation," *id.* ¶ 11, and that "the City will work in good faith with the Nation to transfer tickets and charges dismissed under Section 10 of this Agreement to the Nation. The City shall refer all future charges and tickets against known Indian defendants for conduct occurring within the Nation's Reservation to the Nation and/or, in the case of Major Crimes subject to 18 U.S.C. § 1153, the City may refer such charges against known Indian defendants to both the United States and the Nation," *id.* ¶ 12.

While the joint motion of the City and the Nation for the district court to approve the settlement and to dismiss the litigation between them, *see* Joint Motion to Enter Order Approving Parties' Joint Settlement Agreement and Dismissing the Litigation, *Muscogee (Creek) Nation v. City of Tulsa*, No. 4:23-cv-00490-JDR-CDL (N.D. Okla. June 25, 2025) (Dkt. 149), is still pending, the agreement calls for the City to commence the above-described actions on its effective date, *see* Joint Settlement Agreement at ¶ 16, *Muscogee (Creek) Nation v. City of Tulsa*, No. 4:23-cv-00490-JDR-CDL (N.D. Okla. June 25, 2025) (Dkt. 149-1), and the City has been good to its word. It is no longer prosecuting Indians for crimes committed on the Nation's Reservation. Rather, it is referring such prosecutions to the Nation (including an additional ticket issued to Marvin Stitt, the Petitioner in the *Stitt* case). The City and the Nation have opted for shared governance and cooperation over conflict and, pursuant to another provision of the Agreement, they are in the process of establishing a joint working group "to evaluate and recommend additional practices, policies, and cooperative agreements to achieve their joint public safety and law enforcement priorities." *Id.* ¶ 15.

5

Accordingly, the City of Tulsa, while the putative Respondent in the *Stitt* matter, no longer has a dog in that fight. It would be highly unusual for the Supreme Court to issue a writ of certiorari in a case where the Respondent lacks any real stake in the outcome. *See, e.g.*, *Camreta v. Greene*, 563 U.S. 692, 711 (2011) ("that the allegedly wrongful behavior could not reasonably be expected to recur … stymie[s] our ability to consider this petition."). This is particularly so given that a number of other cases exist, including this one, where the issue of State criminal jurisdiction over Indians for conduct committed within Indian country may well be teed up for the Court in the normal, adversarial fashion. Defendants fail to address any of this, and their simple conjecture that the issues presented here may be resolved by the Supreme Court is far from sufficient to justify a stay.[2]

\*   \*   \*

In sum, Defendants have failed even to acknowledge, much less to carry, their exacting burden – set forth in the clearest terms by the Supreme Court and the Tenth Circuit – to establish that a stay here is warranted. Even on their own terms, their barely supported arguments about

---

[2] Courts routinely decline to credit judicial efficiency arguments based on speculation. *See, e.g.*, *Johnson v. Textron Aviation, Inc.*, No. 23-2378-DDC-RES, 2023 WL 7696870, at \*6 (D. Kan. Nov. 15, 2023) (rejecting judicial economy argument and stating that "the Court will not speculate as to the outcome of the jurisdictional issues in Connecticut" and "a wholesale stay here may only postpone the court's work, thereby frustrating the court's strong interest in moving its docket." (quotation marks omitted)); *Freedom Transportation, Inc. v. Navistar Int'l Corp.*, No. 2:18-CV-02602-JAR-KGG, 2020 WL 108670, at \*5 (D. Kan. Jan. 9, 2020) ("any savings in costs and judicial resources are speculative"); *Berkshire v. Herbert*, No. 2:17-CV-1322 DN, 2018 WL 3599207, at \*2 (D. Utah June 7, 2018) (rejecting "waste of judicial resources arguments as made by Plaintiff" based on events "that may never occur" and "on conjecture, speculation"), *report and recommendation adopted*, No. 2:17-CV-1322 DN, 2018 WL 3598518 (D. Utah July 26, 2018); *Atl. Richfield Co. v. United States*, 181 F. Supp. 3d 898, 919 (D.N.M. 2016) (rejecting judicial efficiency arguments as "purely speculative").

judicial economy fail to withstand scrutiny. Judicial economy and delay are not synonymous, and Defendants' motion is nothing more than a recipe for the latter.

## CONCLUSION

The Nation respectfully requests that Defendants' Motion be denied.

Dated: July 18, 2025

Geraldine Wisner, OBA No. 20128
Deputy Attorney General
MUSCOGEE (CREEK) NATION
P.O. Box 580
Okmulgee, OK 74447
(918) 295-9720
gwisner@mcnag.com

O. Joseph Williams, OBA No. 19256
O. JOSEPH WILLIAMS LAW OFFICE, PLLC
The McCulloch Building
114 N. Grand Avenue, Suite 520
P.O. Box 1131
Okmulgee, OK 74447
(918) 752-0020
jwilliams@williamslaw-pllc.com

Respectfully submitted,

*/s/ Riyaz A. Kanji*
Riyaz A. Kanji
David A. Giampetroni
KANJI & KATZEN, P.L.L.C.
P.O. Box 3971
Ann Arbor, MI 48106
(734) 769-5400
rkanji@kanjikatzen.com
dgiampetroni@kanjikatzen.com

Philip H. Tinker, OBA No. 36498
Stephanie R. Rush, OBA No. 34017
KANJI & KATZEN, P.L.L.C.
12 N. Cheyenne Ave., Ste. 220
Tulsa, OK 74103
(206) 344-8100
ptinker@kanjikatzen.com
vrush@kanjikatzen.com

*Counsel for Muscogee (Creek) Nation*

## CERTIFICATE OF SERVICE

I certify that on July 18, 2025, this document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

/s/ *Riyaz A. Kanji*
Riyaz A. Kanji

Case 4:25-cv-00075-GKF-JFJ   Document 72 Filed in USDC ND/OK on 07/18/25   Page 10 of 10