IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MUSCOGEE (CREEK) NATION, a federally recognized Indian tribe, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 25-CV-75-GKF-JFJ ) |
| STEVE KUNZWEILER, in his official capacity as District Attorney for the Fourteenth Prosecutorial District of Oklahoma; and VIC REGALADO, in his official capacity as Tulsa County Sheriff, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

This matter comes before the court on the Motion to Dismiss of Vic Regalado [Doc. 38]. For the reasons stated below, the motion is granted.

The southern two-thirds of Tulsa County, Oklahoma lies within the Muscogee (Creek) Reservation. Five years ago, in *McGirt v. Oklahoma*, 591 U.S. 894 (2020), the Supreme Court found that the Reservation was never disestablished. The ramifications of that decision continue to reverberate throughout Eastern Oklahoma as the boundaries of State, federal, and tribal jurisdiction are repeatedly called into question.

In *McGirt*, the Supreme Court found that the State does not have jurisdiction over major crimes committed by Indians in "Indian country"—i.e., the Reservation. *Id.* at 932–38. Two years later, in *Oklahoma v. Castro-Huerta*, 597 U.S. 629 (2022), the Court found that Oklahoma has concurrent jurisdiction over crimes committed by non-Indians in Indian country.

In this case, the Muscogee (Creek) Nation contends that the State of Oklahoma may not exercise criminal jurisdiction over *any* Indian—including non-member (i.e., non-Creek) Indians—for conduct occurring on the Creek Reservation.

The Nation filed its Complaint seeking: (1) a declaratory judgment that Tulsa County lacks criminal jurisdiction over Indians (including non-member Indians) for conduct occurring within the Reservation and that continued assertion of such jurisdiction violates federal law; (2) a temporary restraining order forbidding the County from exercising jurisdiction over Indians (including non-member Indians) for conduct occurring within the Reservation;[1] (3) a preliminary and permanent injunction enjoining defendant Kunzweiler from exercising criminal jurisdiction over Indians (including non-member Indians) for conduct occurring within the Reservation without Congress's express authorization; (4) its attorney fees and costs; and (5) any other appropriate relief.

On April 7, 2025 defendant Tulsa County, Oklahoma filed a Motion to Dismiss the claims against it because "Tulsa County, Oklahoma" is an improper party pursuant to Okla. Stat. tit. 19, § 4. Tulsa County and the Nation filed a "Stipulation to Dismiss Tulsa County from the Above-Captioned Case," which the court granted.

The remaining defendants—Sheriff Vic Regalado and District Attorney Steve Kunzweiler—filed separate Motions to Dismiss. In his Motion to Dismiss, Sheriff Regalado argues that: (1) the Nation lacks standing, (2) this court should abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), (3) this court should abstain pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and (4) the Nation has not identified any violation of federal law by him.

---

[1] On April 29, 2025 the court denied the Nation's request for a temporary restraining order. [Doc. 54].

County sheriffs in Oklahoma bear a litany of responsibilities, including an obligation to maintain county jails and preserve the peace in their respective counties. OKLA. STAT. tit. 19, §§ 513, 516. However, county sheriffs do not make prosecutorial decisions. Prosecutorial decisions are the district attorney's responsibility. *Oklahoma v. Haworth*, 283 P.3d 311, 316 (Okla. Crim. App. 2012) ("The county attorney[2] acts under a discretion committed to him for public good, and one of his most important functions is to select, out of what the law permits, the charges which he will bring against offenders.") (quoting *Wilson v. Oklahoma*, 209 P.2d 512, 514 (Okla. Crim. App. 1949)); *Cuesta-Rodriguez v. Oklahoma*, 241 P.3d 214, 235 (Okla. Crim. App. 2010) ("The decision regarding which criminal charge to bring lies within the wide parameters of prosecutorial discretion.") (quoting *Childress v. Oklahoma*, 1 P.3d 1006, 1011 (Okla. Crim. App. 2000)); *and Carpenter v. Oklahoma*, 929 P.2d 988, 995 (Okla. Crim. App. 1996) ("[T]he decision whether to prosecute and what charge to file is within the discretion of the prosecutor.").

The Nation's requested relief—declaratory and injunctive relief preventing the District Attorney from exercising criminal jurisdiction over non-member Indians on the Reservation—does not implicate Sheriff Regalado. Sheriff Regalado does not make the decision to prosecute any defendant. Sheriff Regalado is not a proper party to this action, and his Motion to Dismiss [Doc. 38] is granted.

IT IS SO ORDERED this 7th day of August, 2025.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE

---

[2] The office of county attorney was abolished in 1965 and its functions assumed by the office of district attorney. OKLA. STAT. tit. 19, § 215.19.