IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MUSCOGEE (CREEK) NATION, a federally recognized Indian tribe, <br><br> Plaintiff, <br><br> v. <br><br> STEVE KUNZWEILER, in his official capacity as District Attorney for the Fourteenth Prosecutorial District of Oklahoma, <br><br> Defendant. | Case No. 25-CV-75-GKF-JFJ |

## ORDER

This matter comes before the court on the Motion to Dismiss of defendant Steve Kunzweiler, in his official capacity as District Attorney for the Fourteenth Prosecutorial District of Oklahoma. [Doc. 40]. For the reasons stated below, the motion is denied.

### Background/Procedural History

Five years ago, in *McGirt v. Oklahoma*, 591 U.S. 894 (2020), the Supreme Court held that, for the purposes of the Major Crimes Act, the Muscogee (Creek) Reservation was never disestablished. Now only the federal government, not the State, may prosecute Indians for major crimes committed on the Creek Reservation. Two years later, in *Oklahoma v. Castro-Huerta*, 597 U.S. 629 (2022), the Court held that Oklahoma has concurrent jurisdiction to prosecute crimes committed by non-Indians against Indians in Indian country.

In this case, the Muscogee (Creek) Nation contends that District Attorney Kunzweiler may not exercise criminal jurisdiction over non-member (i.e., non-Creek) Indians for non-major crimes committed on the Creek Reservation. The southern two-thirds of Tulsa County, Oklahoma lies within the Creek Reservation.

The Nation seeks the following relief: (1) a declaratory judgment that the defendant lacks criminal jurisdiction over non-member Indians for non-major crimes committed on the Reservation and that continued assertion of such jurisdiction violates federal law; (2) a temporary restraining order forbidding the defendant from exercising criminal jurisdiction over non-member Indians for non-major crimes committed on the Reservation;[1] and (3) preliminary and permanent injunctions enjoining the defendant from exercising criminal jurisdiction over non-member Indians for non-major crimes committed on the Reservation absent express authorization from Congress.

Defendant Kunzweiler seeks dismissal of the Nation's Complaint on the grounds that: (1) the Nation lacks standing, (2) this court should abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and (3) this court should abstain pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

## Analysis

*A. Standing*

Standing requires (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Baker v. USD 228 Blue Valley*, 979 F.3d 866, 871 (10th Cir. 2020). Here, Kunzweiler challenges the Nation's standing based on the first and third prongs.

For the first prong—injury in fact—the Nation responds that it has sufficiently alleged injury to its powers of self-government. Interference with or infringement of tribal self-government is an injury conferring Article III standing. *See, e.g., Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1242 (10th Cir. 2001); *Wyandotte Nation v. Sebelius*, 443 F.3d

---

[1] On April 29, 2025, the court denied the request for a temporary restraining order. [Doc. 54].

1247, 1255 (10th Cir. 2006) ("[A]n invasion of tribal sovereignty can constitute irreparable injury."); *and Ute Indian Tribe v. Utah*, 790 F.3d 1000, 1005 (10th Cir. 2015). In *United States v. Lara*, 541 U.S. 193 (2004), the Supreme Court wrote that, in 25 U.S.C. § 1301(2), Congress recognized and affirmed in each tribe the inherent tribal power to prosecute non-member Indians for misdemeanors. *Id.* at 199. The Nation has sufficiently alleged an injury in fact.

For the third prong—redressability—defendant argues that granting relief against the single district attorney named in this case would have no meaningful effect on the Nation's alleged injury. He contends that the governor, attorney general, and state courts would have the authority to continue the prosecutions at issue. However, "a plaintiff satisfies the redressability requirement when he shows that a favorable decision will relieve a discrete injury to himself. He need not show that a favorable decision will relieve his *every* injury." *Larson v. Valente*, 456 U.S. 228, 243 n.15 (1982). A favorable judicial decision in this case would redress the Nation's injury "'to some extent,' which is all the law requires." *Consumer Data Indus. Ass'n v. King*, 678 F.3d 898, 904 (10th Cir. 2012) (quoting *Massachusetts v. EPA*, 549 U.S. 497, 526 (2007)).

B. <u>*Younger*</u> Abstention and the Anti-Injunction Act

The defendant argues that *Younger v. Harris* and the Anti-Injunction Act mandate abstention based on the "fundamental policy against federal interference with state criminal prosecutions." *Younger v. Harris*, 401 U.S. 37, 46 (1971). "*Younger* provides that a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in 'certain instances in which the prospect of undue interference with state proceedings counsels against federal relief.'" *Travelers Cas. Ins. v. A-Quality Auto Sales*, 98 F.4th 1307, 1317 (10th Cir. 2024) (quoting *Elna Sefcovic, LLC v. TEP Rocky Mtn., LLC*, 953 F.3d 660, 669–70 (10th Cir. 2020)). *Younger* applies to three "exceptional" categories of cases: (1) "state criminal prosecutions," (2) "civil enforcement

proceedings," and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013). These three categories constitute "the *sine qua non* of *Younger* abstention." *Travelers*, 98 F.4th at 1317.

If a case falls within one of the three *Younger* categories, the court "*may* . . . analyze the propriety of abstention under the so-called *Middlesex* conditions. Those conditions ask whether there exists '(1) an ongoing state judicial . . . proceeding, (2) the presence of an important state interest, and (3) an adequate opportunity to raise federal claims in the state proceedings.'" *Id.* (quoting *Courthouse News Serv. v. N.M. Admin. Off. of Cts.*, 53 F.4th 1245, 1256 (10th Cir. 2022)) (emphasis in original). The *Middlesex* factors are "not dispositive," rather, they are "*additional* factors appropriately considered by the federal court before invoking *Younger*." *Sprint*, 571 U.S. at 81 (emphasis in original).

This case implicates the first category of *Younger* cases—state criminal prosecutions—because the Nation seeks declaratory and injunctive relief prohibiting the defendant from exercising criminal jurisdiction over non-member Indians for non-major crimes committed on the Reservation. Looking to the third *Middlesex* factor, it is clear that the Nation does not have an adequate opportunity to raise its claims in the state proceedings. Federal courts should not abstain from exercising jurisdiction "over the claim of a genuine stranger to an ongoing state proceeding even though a federal decision clearly could influence the state proceeding . . . [s]o long as the stranger has its own distinct claim to pursue . . . ." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1230 (10th Cir. 2004) (internal citations omitted). The Nation has a distinct claim arising from its powers of self-government. Thus, the Nation's claim is not "derivative" of the non-

member Indians. *Id.* at 1231 (citing *Spargo v. N.Y. State Comm'n on Jud. Conduct*, 351 F.3d 65, 81–84 (2d Cir. 2003)).

Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Act does not apply when the federal plaintiffs were "strangers" to the state court action. *Imperial Cty., Cal. v. Munoz*, 449 U.S. 54, 60 (1980); *see also Chezem v. Beverly Ent.-Tex., Inc.*, 66 F.3d 741, 742 (5th Cir. 1995); *Commod. Exp. Co. v. Detroit Int'l Bridge Co.*, 695 F.3d 518, 527 (6th Cir. 2012); *and Prudential Real Estate Affs., Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 879 (9th Cir. 2000).

The Nation is not a party to the state-court proceedings, nor does it have any means of asserting its claims of injury to its powers of self-government in those proceedings. The state proceedings do not afford the Nation an "adequate opportunity" to raise its claims. *Travelers*, 98 F.4th at 1317. Likewise, the Nation is a stranger to the state-court defendants for the purposes of the Anti-Injunction Act because it has its own distinct claim to pursue, and it is neither "part[y] nor priv[y] of parties to the state court action[s]." *Chezem*, 66 F.3d at 742. Accordingly, *Younger* abstention is not warranted and it appears that the Anti-Injunction Act is inapplicable.

C. *Colorado River* Abstention

*Colorado River* abstention is only appropriate when the state and federal proceedings are parallel. *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id.* (quoting *New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991)). In this circuit

the "approach is to examine the state proceedings *as they actually exist* to determine whether they are parallel to the federal proceedings." *Id.* (emphasis in original).

Here, the parties involved in the state and federal proceedings are not substantially the same. In addition, the defendant has not demonstrated that the state proceedings "as they actually exist" concern substantially the same issues as this federal proceeding.[2] *Id.* Accordingly, the defendant has not persuaded this court that *Colorado River* abstention is warranted.

For the foregoing reasons, the Motion to Dismiss of defendant Steve Kunzweiler, in his official capacity as District Attorney for the Fourteenth Prosecutorial District of Oklahoma [Doc. 40] is denied.

IT IS SO ORDERED this 12th day of August, 2025.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE

---

[2] The Nation lists five state prosecutions in its Complaint (Tulsa County Case Nos. CM-22-108, CM-24-2951, CM-24-4510, CM-24-1222, and CM-24-4494). The defendants in four of those cases have entered plea agreements. The fifth case has been dismissed.