IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MUSCOGEE (CREEK) NATION, a federally recognized Indian tribe, <br><br> *Plaintiff,* <br><br> v. <br><br> STEVE KUNZWEILER, in his official capacity as District Attorney for the Fourteenth Prosecutorial District of Oklahoma, <br><br> *Defendant.* | Case No. 25-cv-00075-GKF-JFJ |

## DEFENDANT STEVE KUNZWEILER'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Steve Kunzweiler ("Defendant") submits this Answer to Plaintiff, Muscogee (Creek) Nation's ("Plaintiff"), Complaint.

Unless specifically admitted herein, Defendant denies the allegations in Plaintiff's Complaint. Pursuant to Federal Rule of Civil Procedure 8(b), Defendant responds to the allegations in each corresponding paragraph of the Complaint as follows:

### INTRODUCTION

1. Defendant denies Plaintiff's characterization of *McGirt v. Oklahoma*, 591 U.S. 894 (2020), in paragraph 1 of its Complaint. In *McGirt*, the U.S. "Supreme Court held that, for the purposes of the Major Crimes Act, the Muscogee (Creek) Reservation was never disestablished." [Doc. 76 at 1].

2. Defendant denies Plaintiff's allegations and characterization of the law in paragraph 2 of its Complaint. "[A]s a matter of state sovereignty, a State has jurisdiction over all of its territory, including Indian country." *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 636 (2022).

1

Indeed, "the Court's precedents establish that Indian country is part of a State's territory and that, unless preempted, States have jurisdiction over crimes committed in Indian country." *Id*. at 638. And under the General Crimes Act, which is at issue in the Complaint, "both the Federal Government and the State have concurrent jurisdiction to prosecute crimes committed in Indian country." *Id*. at 639.

3. Defendant denies Plaintiff's allegations and legal characterizations in paragraph 3 of its Complaint. Under the General Crimes Act, which is at issue in the Complaint, "both the Federal Government and the State have concurrent jurisdiction to prosecute crimes committed in Indian country." *Id*. at 639. The General Crimes Act does not "say . . . that state jurisdiction is preempted in Indian country." *Id*. Applying the "*Bracker* balancing test, th[e] Court has recognized that even when federal law does not preempt state jurisdiction under ordinary preemption analysis, preemption may still occur if the exercise of state jurisdiction would unlawfully infringe upon tribal self-government." *Id*. at 649 (citing *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 142-143 (1980)). The State's prosecution of non-member Indians who commit non-major crimes in Indian country does not unlawfully infringe upon tribal self-government.

4. To the extent the allegations and legal characterizations in paragraph 4 of Plaintiff's Complaint are directed at Defendant, Defendant denies the same and adopts and incorporates its response to Plaintiff's allegations in paragraph 3 of its Complaint.

5. Defendant denies Plaintiff's allegations and legal characterizations in paragraph 5 of its Complaint. Defendant maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country, as further explained in response to Plaintiff's allegations in paragraph 3 of its Complaint.

6. With respect to the allegations and legal characterizations in paragraph 6 of Plaintiff's Complaint, Defendant admits that he maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country. However, Defendant denies any allegation in paragraph 6 to the contrary.

7. Defendant denies the allegations in paragraph 7 of Plaintiff's Complaint. Defendant maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country.

## JURISDICTION AND VENUE

8. With respect to the allegations in paragraph 8 of Plaintiff's Complaint, Defendant denies that this Court has jurisdiction over this action, as more fully set forth in its Motion to Dismiss [Doc. 40] and related filings. Defendant also denies that the Nation asserts claims arising under the principles of federal Indian law governing federal, tribal, and state authority within Indian country, to the extent Plaintiff's understanding of federal Indian law principles are recited elsewhere in its Complaint. Defendant admits that the Nation has a relationship with the United States.

9. With respect to the allegations in paragraph 9 of Plaintiff's Complaint, Defendant admits venue would be proper in this District, assuming, arguendo, this Court has jurisdiction over this action.

## PLAINTIFF

10. With respect to the allegations in paragraph 10 in Plaintiff's Complaint, Defendant admits that Plaintiff has been recognized as an Indian entity eligible to receive services from the United States Bureau of Indian Affairs. However, Defendant denies the remaining allegations and legal characterizations in paragraph 10 of Plaintiff's Complaint, to the extent Plaintiff alleges or

implies that any sovereign powers of self-governance or jurisdiction associated with the Creek Reservation are exclusive or impact in any way Defendant's authority to prosecute non-member Indians who commit non-major crimes in Indian country.

11. With respect to the allegations in paragraph 11 of Plaintiff's Complaint, Defendant admits only that the language Plaintiff quotes from the Muscogee (Creek) Nation criminal code does appear in such code. However, Defendant denies any allegation or implication that Plaintiff's assertion of jurisdiction supersedes, preempts, or in any way affects Defendant's authority to prosecute non-member Indians who commit non-major crimes in Indian country.

## DEFENDANTS

12. To the extent the allegations in paragraph 12 of Plaintiff's Complaint are directed at Defendant, Defendant admits only that the county of Tulsa County is located within the exterior boundaries of Oklahoma and includes therein the exterior boundaries of the historical Creek Reservation and Cherokee Reservation.

13. With respect to the allegations in paragraph 13 of Plaintiff's Complaint, Defendant admits that he is the District Attorney for the Fourteenth Prosecutorial District of Oklahoma, which encompasses Tulsa County. And although Defendant further admits that Plaintiff has sued Defendant in his official capacity, Defendant denies that such lawsuit is proper or meritorious.

14. With respect to the allegations in paragraph 14 of Plaintiff's Complaint, Defendant denies that Tulsa County Sheriff Vic Regalado is a defendant in this lawsuit, as the Court dismissed him as a party.

## STANDING

15. Defendant denies the allegations and legal characterizations in Paragraph 15 of Plaintiff's complaint. Defendant maintains the authority to prosecute non-member Indians who

commit non-major crimes in Indian country, and such authority neither interferes with nor causes any injury to Plaintiff. Indeed, the General Crimes Act does not "say . . . that state jurisdiction is preempted in Indian country." *Id*. Applying the "*Bracker* balancing test, th[e] Court has recognized that even when federal law does not preempt state jurisdiction under ordinary preemption analysis, preemption may still occur if the exercise of state jurisdiction would unlawfully infringe upon tribal self-government." *Id*. at 649 (citing *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 142-143 (1980)). The State's prosecution of non-member Indians who commit non-major crimes in Indian country does not unlawfully infringe upon tribal self-government.

16. With respect to the allegations in paragraph 16 of Plaintiff's Complaint, Defendant denies that he has engaged in, or will engage in, any unlawful conduct. Defendant maintains the authority to prosecute non-member Indians who commit non-major crimes in Indian country, and such authority neither interferes with nor causes any injury to Plaintiff. Indeed, the General Crimes Act does not "say . . . that state jurisdiction is preempted in Indian country." *Id*. Applying the "*Bracker* balancing test, th[e] Court has recognized that even when federal law does not preempt state jurisdiction under ordinary preemption analysis, preemption may still occur if the exercise of state jurisdiction would unlawfully infringe upon tribal self-government." *Id*. at 649 (citing *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 142-143 (1980)). The State's prosecution of non-member Indians who commit non-major crimes in Indian country does not unlawfully infringe upon tribal self-government.

17. Defendant denies the allegations in paragraph 17 of Plaintiff's Complaint. As further set forth in his Motion to Dismiss [Doc. 40], redressability is absent. Moreover, Defendant maintains the authority to prosecute non-member Indians who commit non-major crimes in Indian country, and such authority neither interferes with nor causes any injury to Plaintiff. Indeed, the

General Crimes Act does not "say . . . that state jurisdiction is preempted in Indian country." *Id*. Applying the "*Bracker* balancing test, th[e] Court has recognized that even when federal law does not preempt state jurisdiction under ordinary preemption analysis, preemption may still occur if the exercise of state jurisdiction would unlawfully infringe upon tribal self-government." *Id*. at 649 (citing *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 142-143 (1980)). The State's prosecution of non-member Indians who commit non-major crimes in Indian country does not unlawfully infringe upon tribal self-government.

### THE SUPREME COURT'S DECISION IN *McGIRT V. OKLAHOMA*

18. Defendant denies Plaintiff's characterization of *McGirt v. Oklahoma*, 591 U.S. 894 (2020), in paragraph 18 of its Complaint. In *McGirt*, the United States Supreme Court held that, for the purposes of the Major Crimes Act, the Muscogee (Creek) Reservation was never disestablished.

19. Defendant denies the allegations and legal characterizations in paragraph 19 of Plaintiff's Complaint. First, in *McGirt*, the United States Supreme Court held that, for the purposes of the Major Crimes Act, the Muscogee (Creek) Reservation was never disestablished. Second, "as a matter of state sovereignty, a State has jurisdiction over all of its territory, including Indian country." *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 636 (2022). Indeed, "the Court's precedents establish that Indian country is part of a State's territory and that, unless preempted, States have jurisdiction over crimes committed in Indian country." *Id*. at 638. And under the General Crimes Act, which is at issue in the Complaint, "both the Federal Government and the State have concurrent jurisdiction to prosecute crimes committed in Indian country." *Id*. at 639. Third, applying the "*Bracker* balancing test, th[e] Court has recognized that even when federal law does not preempt state jurisdiction under ordinary preemption analysis, preemption may still occur if

6

the exercise of state jurisdiction would unlawfully infringe upon tribal self-government." *Id*. at 649 (citing *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 142-143 (1980)). The State's prosecution of non-member Indians who commit non-major crimes in Indian country does not unlawfully infringe upon tribal self-government.

20. To the extent the allegations and legal characterizations in paragraph 20 of Plaintiff's Complaint are directed at Defendant, Defendant denies the same for the reasons set forth in response to the allegations in paragraph 19 of Plaintiff's Complaint.

**THE COUNTY'S CONTINUED CLAIM TO CRIMINAL JURISDICTION OVER INDIANS FOR CONDUCT WITHIN THE CREEK RESERVATION AFTER *McGIRT***

21. With respect to the allegations in paragraph 21 of Plaintiff's Complaint, Defendant admits that he maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country. Defendant further admits that the Oklahoma Court of Criminal Appeals held in *O'Brien*, which was issued after having analyzed each of Defendant's arguments advanced in this lawsuit, that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *City of Tulsa v. O'Brien*, Case No. S-2023-715, 2024 WL 5001684 (Okla. Crim. App. Dec. 5, 2024).

22. With respect to the allegations in paragraph 22 of Plaintiff's Complaint, Defendant admits that he has properly opposed certain motions to dismiss criminal prosecutions filed in Tulsa County District Court by non-member Indians accused of non-major crimes in Indian country and that the Tulsa County District Court has properly denied multiple such motions to dismiss.

23. With respect to the allegations in paragraph 23 of Plaintiff's Complaint, Defendant admits that the State commenced criminal proceedings in the cases cited by Plaintiff, each of which involves allegations of non-major crimes committed by non-member Indians in Indian country.

24. With respect to the allegations in paragraph 24 of Plaintiff's Complaint, Defendant admits that the charged conduct occurred within the exterior boundaries of Tulsa County, State of Oklahoma, which includes the historical boundaries of the Creek Reservation.

25. With respect to the allegations in paragraph 25 of Plaintiff's Complaint, Defendant admits that each defendant in the criminal proceedings referenced in paragraph 24 of Plaintiff's Complaint filed a motion to dismiss challenging the State's jurisdiction. However, Defendant denies any generalization of the arguments advanced by each such defendant and refers the Court to the motions to dismiss on file in each case.

26. With respect to the allegations in paragraph 26 of Plaintiff's Complaint, Defendant admits that the State has asserted its authority to prosecute non-member Indians who commit non-major crimes in Indian country, and that the Oklahoma Court of Criminal Appeals' decision in *O'Brien* affirmed such authority based on an analysis expressly endorsed by the United States Supreme Court in *Castro-Huerta* and precedents cited therein.

27. With respect to the allegations in paragraph 27 of Plaintiff's Complaint, Defendant admits that the Tulsa County District Court properly applied applicable law in each prosecution referenced in paragraph 23 of Plaintiff's Complaint, specifically by finding that the State maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country.

28. The allegations in paragraph 28 of Plaintiff's Complaint appear to be directed at the Tulsa County Sheriff, who has been dismissed as a party to this lawsuit. However, to the extent such allegations are directed at Defendant, Defendant admits only that the Tulsa County Sheriff's policies consistent with the State's authority to prosecute non-member Indians who commit non-major crimes in Indian country, are lawful.

29. The allegations in paragraph 29 of Plaintiff's Complaint appear to be directed at the Tulsa County Sheriff, who has been dismissed as a party to this lawsuit. However, to the extent such allegations are directed at Defendant, Defendant admits that the Tulsa County Sheriff has authority over the David L. Moss Criminal Justice Center.

30. With respect to the allegations and legal characterizations in paragraph 30 of Plaintiff's Complaint, Defendant admits only that the State maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country. However, Defendant denies that the Supreme Court and Tenth Circuit precedents prohibit the State from prosecuting non-member Indians who commit non-major crimes in Indian country. "[A]s a matter of state sovereignty, a State has jurisdiction over all of its territory, including Indian country." *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 636 (2022). Indeed, "the Court's precedents establish that Indian country is part of a State's territory and that, unless preempted, States have jurisdiction over crimes committed in Indian country." *Id*. at 638. And under the General Crimes Act, which is at issue in the Complaint, "both the Federal Government and the State have concurrent jurisdiction to prosecute crimes committed in Indian country." *Id*. at 639. Third, applying the "*Bracker* balancing test, th[e] Court has recognized that even when federal law does not preempt state jurisdiction under ordinary preemption analysis, preemption may still occur if the exercise of state jurisdiction would unlawfully infringe upon tribal self-government." *Id*. at 649 (citing *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 142-143 (1980)). The State's prosecution of non-member Indians who commit non-major crimes in Indian country does not unlawfully infringe upon tribal self-government.

31. Defendant denies the allegations and legal characterizations in paragraph 31 of Plaintiff's Complaint. Defendant maintains authority to prosecute non-member Indians who

commit non-major crimes in Indian country. "[A]s a matter of state sovereignty, a State has jurisdiction over all of its territory, including Indian country." *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 636 (2022). Indeed, "the Court's precedents establish that Indian country is part of a State's territory and that, unless preempted, States have jurisdiction over crimes committed in Indian country." *Id*. at 638. And under the General Crimes Act, which is at issue in the Complaint, "both the Federal Government and the State have concurrent jurisdiction to prosecute crimes committed in Indian country." *Id*. at 639. Third, applying the "*Bracker* balancing test, th[e] Court has recognized that even when federal law does not preempt state jurisdiction under ordinary preemption analysis, preemption may still occur if the exercise of state jurisdiction would unlawfully infringe upon tribal self-government." *Id*. at 649 (citing *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 142-143 (1980)). The State's prosecution of non-member Indians who commit non-major crimes in Indian country does not unlawfully infringe upon tribal self-government.

## COUNT I

32. Although paragraph 32 of Plaintiff's Complaint does not contain any specific allegations, Defendant denies the allegations and legal characterizations in all preceding paragraphs, except as specifically admitted, above.

33. With respect to the allegation in paragraph 33 of Plaintiff's Complaint, Defendant admits only that the United States Supreme Court, in *McGirt*, held that, for the purposes of the Major Crimes Act, the Muscogee (Creek) Reservation was never disestablished.

34. Defendant denies the allegations in paragraph 34 of Plaintiff's Complaint. Defendant maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country, and such authority has not been preempted by federal law.

35. With respect to the allegations in paragraph 35 of Plaintiff's Complaint, Defendant admits that the State maintains the authority to prosecute non-member Indians who commit non-major crimes in Indian country, and such authority has not been preempted by federal law.

36. With respect to the allegations in paragraph 36 of Plaintiff's Complaint, Defendant admits that the State maintains the authority to prosecute non-member Indians who commit non-major crimes in Indian country, and as a matter of federal and state law, as well as public safety, Defendant will continue to prosecute criminal conduct that occurs within his jurisdiction.

## PRAYER FOR RELIEF

37. Defendant denies the prayer for relief and each of its subparts in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. This Court lacks jurisdiction over Plaintiff's claims.

2. Plaintiff has failed to state a claim upon which relief can be granted.

3. Plaintiff has failed to join necessary parties.

4. Defendant maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that his answer be deemed good and sufficient and all claims by Plaintiff against Defendant be dismissed, with prejudice, and such other and further relief, legal, equitable, including attorney's fees, be awarded Defendant.

Dated:  August 26, 2025

Respectfully submitted,

<u>s/Phillip G. Whaley</u>
Phillip G. Whaley, OBA #13371
Grant M. Lucky, OBA #17398
Patrick R. Pearce, Jr., OBA #18802
RYAN WHALEY
400 North Walnut Avenue
Oklahoma City, OK  73104
(405) 239-6040
(405) 239-6766 FAX
pwhaley@ryanwhaley.com
glucky@ryanwhaley.com
rpearce@ryanwhaley.com

Trevor S. Pemberton, OBA #22271
PEMBERTON LAW GROUP PLLC
600 North Robinson Avenue, Suite 323
Oklahoma City, OK 73102
P: (405) 501-5054
trevor@pembertonlawgroup.com

***Attorneys for Defendant
Steve Kunzweiler***

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2025, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants.

<u>s/Phillip G. Whaley</u>
Phillip G. Whaley